IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sheila Webb,<br><br>      Plaintiff,<br><br>v.<br><br>Leon Lott, in his capacity as Sheriff of the Richland County Sheriff's Department and Cameron Duecker,<br><br>      Defendants. | C/A No.: 3:19-cv-02031-JMC-SVH<br><br>**ANSWER ON BEHALF OF DEFENDANT SHERIFF LOTT**<br><br>**(Jury Trial Requested)** |

The Defendant Leon Lott in his capacity as Sheriff of the Richland County Sheriff's Department (hereinafter, "RCSD"), hereby answers the Plaintiff's Complaint as follows:

**FOR A FIRST DEFENSE**

1. The Summons and Complaint fails to state a claim upon which relief can be granted and therefore, this action should be dismissed against this Defendant pursuant to Fed.R.Civ.P. 12(b)(6).

**FOR A SECOND DEFENSE**

2. This Defendant denies each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

3. That as to Paragraph One (1) this Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, denies same and demands strict proof thereof.

4. That as to the first sentence of Paragraph Two (2), this Defendant only admits that at all relevant times in the Complaint, he was a constitutional officer and thereby a state agency pursuant to the South Carolina Constitution and the Laws of the State of South

1

Carolina.  Moreover, this Defendant asserts that his office constitutes a governmental entity as set forth pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act.  That as to the second and third sentences of Paragraph Two (2), this Defendant admits that at all times herein the Defendant Duecker was acting outside the course and scope of his employment as a RCSD deputy, not acting in the furtherance of the Sheriff's official business, and therefore, this Defendant is not liable for the Defendant Duecker's conduct alleged herein.  That as to the last sentence of Paragraph Two (2), this Defendant only admits that the Plaintiff's Complaint seeks an award for certain damages, none of which he is entitled as it pertains to this Defendant.  Except as stated herein, this Defendant expressly denies this paragraph and demands strict proof thereof.

5. That as to the first sentence of Paragraph Three (3), this Defendant denies same and demands strict proof thereof.  The second sentence of Paragraph Three (3) contains allegations against another Defendant, and therefore, requires no response by this Defendant.

6. That as to Paragraphs Four (4) and Eight (8), this Defendant denies same and demands strict proof thereof.

7. That as to Paragraphs Five (5) Six (6), Twenty-nine (29), the Plaintiff has set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, this Defendant craves reference thereto.  To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

8. The first and third sentences of Paragraph Seven (7) are jurisdictional in nature, can neither be admitted nor denied, and this Defendant crave reference thereto.  That as to the second sentence of Paragraph Seven (7), this Defendant admits same upon information and belief.  This Defendant denies that any of the Plaintiff's causes of action are meritorious.

9. That as to Paragraphs Nine (9), Twenty-eight (28), Thirty-three (33), Thirty-seven (37), Forty (40), Forty-six (46), Fifty-one (51), Fifty-four (54), Fifty-seven (57), Sixty-four (64), Seventy (70), and Seventy-seven (77), this Defendant reasserts and realleges all previous allegations and defenses.

10. That as to Paragraphs Ten (10) and Eleven (11), this Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, denies same and demands strict proof thereof.

11. That as to Paragraph Twelve (12), this Defendant only admits that the Defendant Duecker was hired as a deputy with the RCSD on April 17, 2017. Except as stated herein, this Defendant denies same and demands strict proof thereof.

12. That as to Paragraphs Thirteen (13) and Fourteen (14), this Defendant only admits upon information and belief that the Defendant Duecker, on May 13, 2018 and while employed with the RCSD, used force with respect to an individual named Darius W. Gaskins, and placed him under arrest for Public Disorderly Conduct, all of which took place in Richland County, South Carolina. Except as stated herein, this Defendant denies same and demands strict proof thereof.

13. That as to Paragraph Fifteen (15), this Defendant generally admits same.

14. That as to Paragraph Sixteen (16), this Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, denies same and demands strict proof thereof.

15. That as to Paragraph Seventeen (17), this Defendant only admits upon information and belief that on February 1, 2019, the Defendant Duecker was dispatched to a stolen vehicle call at Plaintiff's residence in Richland County, South Carolina. Further answering, upon his arrival, the Defendant Duecker encountered Plaintiff, who was intoxicated and had placed the call for service. After speaking with the witnesses and Plaintiff,

the Defendant Duecker determined that no crime had occurred. Except as stated herein, this Defendant denies same and demands strict proof thereof.

16. That as to Paragraph Eighteen (18), this Defendant only admits upon information and belief that the Defendant Duecker threatened to arrest Plaintiff if she made another 911 call. Further answering, the Defendant Duecker and Plaintiff engaged in a verbal argument which resulted in the Defendant Duecker entering the home and attempting to place handcuffs on Plaintiff. Plaintiff fled to a rear bedroom and got into her bed. Except as stated herein, this Defendant denies same and demands strict proof thereof.

17. That as to Paragraph Nineteen (19), this Defendant only admits upon information and belief that the Defendant Duecker then informed Plaintiff that she was under arrest whereupon Plaintiff resisted apprehension and being handcuffed. Further answering, the Defendant Duecker then repeatedly deployed his Taser, drive stunning Plaintiff in the thigh and then firing Taser probes into Plaintiff's chest. Upon information and belief, the Defendant Duecker's Taser was deployed a total of ten times on Plaintiff. Except as stated herein, this Defendant denies same and demands strict proof thereof.

18. That as to Paragraph Twenty (20), this Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, denies same and demands strict proof thereof.

19. That as to Paragraph Twenty-one (21), this Defendant only admits upon information and belief that the Plaintiff was treated by Richland County Emergency Medical Services and was subsequently booked into the Alvin S. Glenn Detention Center. Except as stated herein, this Defendant denies same and demands strict proof thereof.

20. That as to Paragraphs Twenty-two (22) and Twenty-three (23), this Defendant generally admits same.

21. That as to Paragraphs Twenty-four (24), Twenty-five (25), and Thirty (30), this Defendant denies same as stated and demands strict proof thereof.

22. That as to Paragraphs Twenty-six (26), Twenty-seven (27), Thirty-two (32), Seventy-three (73), Seventy-four (74), Seventy-five (75), Seventy-six (76), and Seventy-eight (78), this Defendant denies same and demands strict proof thereof.

23. That as to Paragraphs Twenty-nine (29), the Plaintiff has set forth legal conclusions upon information and belief which can neither be admitted nor denied and, therefore, this Defendant craves reference thereto. To the extent that this paragraph contains factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

24. Upon information and belief, Paragraphs Thirty-one (31), Thirty-four (34), Thirty-five (35) Thirty-six (36), Thirty-eight (38), Thirty-nine (39), Forty-one (41), Forty-two (42), Forty-three (43), Forty-four (44), Forty-five (45), Forty-seven (47), Forty-eight (48), Forty-nine (49), Fifty (50), Fifty-two (52), Fifty-three (53), Fifty-five (55), Fifty-six (56), Fifty-eight (58), Fifty-nine (59), Sixty (60), Sixty-one (61), Sixty-two (62), Sixty-three (63), Sixty-five (65), Sixty-six (66), Sixty-seven (67), Sixty-eight (68), Sixty-nine (69), Seventy-one (71), and Seventy-two (72) contain allegations against another Defendant, and therefore, requires no response by this Defendant. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant expressly denies same and demands strict proof thereof.

25. Any and all averments inconsistent with the foregoing are denied. Further, this Defendant asserts that the Plaintiff is not entitled to the relief requested in the Complaint, or any other relief against this Defendant.

**FOR A THIRD DEFENSE**

26.     This Defendant alleges that it is immune from suit and liability under the doctrine of sovereign immunity.

**FOR A FOURTH DEFENSE**

27.     This Defendant is entitled to immunity under *Long v. Seabrook* and its progeny.

**FOR A FIFTH DEFENSE**

28.     This Defendant alleges, upon information and belief, that any damages alleged to have been caused by this Defendant, which are specifically denied, must be apportioned between this Defendant and other tortfeasors pursuant to § 15-78-100(c) of S.C. Code of Laws as amended.

**FOR A SIXTH DEFENSE**

29.     This Defendant, upon information and belief, alleges that any injuries or damages allegedly suffered by Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of Plaintiff which is more than this Defendant's negligence, and that such is a complete bar to Plaintiff's recovery herein.  Further, this Defendant, upon information and belief, alleges that if Plaintiff's negligence was less than this Defendant's negligence, that such negligence should be compared to that negligence of this Defendant, so as to apportion the relative fault as to each party.

**FOR A SEVENTH DEFENSE**

30.     This Defendant alleges upon information and belief that Plaintiff's injuries and damages, if any, were due to and proximately caused by the sole negligence, reckless, willful, and wanton conduct on the part of someone other than this Defendant, and therefore this Defendant is not liable to Plaintiff for such actions in any way.

**FOR AN EIGHTH DEFENSE**

31.     This Defendant alleges, upon information and belief, that any injury or damages

alleged in Plaintiff's Complaint were due to, occasioned by, or caused by intervening criminal acts on the part of someone other than this Defendant, without which acts Plaintiff would not have sustained any injuries or damages as are set forth in the Complaint, all of which this Defendant pleads as a bar to this action.

### FOR A NINTH DEFENSE

32.    There is no joint and several liability against the Defendants, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et. seq.* (1976) as amended and, therefore, all references to joint and several liability should be stricken from the Plaintiff's Complaint.

### FOR A TENTH DEFENSE

33.    That as to the Plaintiff's cause of action for outrage or the intentional infliction of emotional distress, this Defendant alleges that such claim is barred by the South Carolina Tort Claims Act, §15-78-30(f) of the South Carolina Code of Laws as amended.

### FOR AN ELEVENTH DEFENSE

34.    Upon information and belief, some or all of the Plaintiff's claims are not ripe for adjudication.

### FOR A TWELFTH DEFENSE

35.    Some of the Plaintiff's claims are brought pursuant to state statutes that do not create a private right of action.

### FOR A THIRTEENTH DEFENSE

36.    This Defendant alleges, upon information and belief, that any alleged defamatory statements were made in accordance with an absolute privilege and, therefore, such claims of the Plaintiff are barred by such privilege.

### FOR A FOURTEENTH DEFENSE

37.    This Defendant alleges, upon information and belief, that any alleged defamatory statements were made in accordance with qualified privilege and, therefore, such claims of the Plaintiff are barred by such privilege.

### FOR A FIFTEENTH DEFENSE

38.    This Defendant is immune from suit pursuant to pertinent portions of the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10, *et seq.*, and specifically, § 15-78-60 (1), (2), (3), (4), (17), (20), and (23).

### FOR A SIXTEENTH DEFENSE

39.    This Defendant at no time violated any clearly established constitutional rights which were known or should have been known to him, and therefore, is entitled to immunity.

### FOR A SEVENTEENTH DEFENSE

40.    The actions of this Defendant were objectively reasonable in light of the existing law, and therefore, he is entitled to immunity.

### FOR AN EIGHTEENTH DEFENSE

41.    Plaintiff's causes of action are, in whole or in part, barred by collateral estoppel and/or issue preclusion.

### FOR A NINETEENTH DEFENSE

42.    This Defendant alleges any and all claims for punitive damages should be dismissed as such damages are not properly recoverable under the common laws of the State of South Carolina or the South Carolina Tort Claims Act, S.C. Code Annotated § 15-78-120(b).

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendant Leon Lott in his capacity as Sheriff of the Richland County Sheriff's Department prays that

the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

                        CROWE LAFAVE, LLC

            BY:    *s/ Robert D. Garfield*
                    ROBERT D. GARFIELD
                    Federal I.D. No. 7799
                    Post Office Box 1149
                    Columbia, South Carolina 29202
                    T: (803) 999-1225
                    F: (803) 848-8157
                    robert@crowelafave.com

                    *Counsel for the Defendant Sheriff Lott*

Columbia, South Carolina

July 25, 2019