# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Sheila Webb, ) | Civil Action No.: 3:19-cv-02031-JMC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Leon Lott, in his capacity as Sheriff of the ) | |
| Richland County Sheriff's Department, ) | |
| and Cameron Duecker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Sheila Webb ("Plaintiff") originally filed this matter in the Court of Common Pleas for Richland County, South Carolina, asserting claims against Sheriff Leon Lott ("Sheriff Lott"), in his capacity as Sheriff of the Richland County Sheriff's Department ("RCSD"), and Cameron Duecker ("Duecker"), pursuant to the South Carolina Tort Claims Act (South Carolina Code § 15-78-10 *et seq.*) (West 2021)) ("SCTCA") and 42 U.S.C. § 1983. (ECF No. 1-2.)

This matter is before the court on motions for summary judgment filed by Duecker (ECF No. 34) and Sheriff Lott (ECF No. 35). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On December 16, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 48) in which she recommended the court deny Duecker's Motion for Summary Judgment (ECF No. 34) and grant Sheriff Lott's Motion for Summary Judgment (ECF No. 35) in part and deny it in part. (ECF No. 48 at 2.) Objections were filed by Duecker (ECF No. 49) and Sheriff Lott (ECF No. 50), which are presently before the court. Plaintiff filed separate responses to each of the defendants' objections. (ECF Nos. 51; 52.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 48),

1

**DENIES** Defendant Duecker's Motion for Summary Judgment (ECF No. 34), and **GRANTS** in part and **DENIES** in part Defendant Lott's Motion for Summary Judgment (ECF No. 35).

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.  Plaintiff's claims arise out of her arrest by Duecker on February 1, 2019, and her subsequent confinement.  (ECF No. 1-2 at 4–6.)  Specifically, Plaintiff asserts Fourth and Fourteenth Amendment claims for unreasonable seizure and excessive force and state-law claims sounding in negligence and false imprisonment, intentional infliction of emotional distress, defamation, assault, battery, and malicious prosecution.  (*Id.* at 6–10.)

On June 17, 2019,  Plaintiff filed this action.  (*See* ECF No. 1-2 at 1.)  On July 19, 2019, Sheriff Lott removed the action to federal court.  (ECF No. 1.)  On October 7, 2020, Sheriff Lott and Duecker each filed a separate motion for summary judgment.  (ECF Nos. 34; 35.)  Plaintiff responded to both motions (ECF Nos. 37; 38), and Defendants each filed a reply to Plaintiff's response (ECF Nos. 41; 44).  After she was granted leave from the Magistrate Judge, Plaintiff also filed a surreply in opposition to Duecker's Motion for Summary Judgment.  (ECF No. 47.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

### III.    LEGAL STANDARDS

A.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.    Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of

summary judgment." *Id.* at 248.  Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252.  The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment.  *See id.* at 248.

## IV.    ANALYSIS

### A.    The Report and Recommendation

Initially, the Magistrate Judge recommends that the court deny Duecker's Motion for Summary Judgment (ECF No. 34).  The Report states that Plaintiff's unreasonable seizure claim should survive summary judgment "[b]ecause it is undisputed Plaintiff was arrested in her home and the evidence taken in [the] light most favorable to Plaintiff shows Duecker entered Plaintiff's home without a warrant, exigent circumstances, or permission," and therefore Duecker violated Plaintiff's established Fourth Amendment rights by entering her home.  (*Id.* at 15–16.)  Next, the Magistrate Judge recommends denying summary judgment as to Plaintiff's excessive force claim against Duecker based upon the lack of threat Plaintiff posed and the mild nature of the crime charged.  (*Id.* at 22.)

As to Sheriff Lott's Motion for Summary Judgment (ECF No. 35), the Magistrate Judge recommends the court grant the Motion in part by dismissing Plaintiff's SCTCA claims for intentional infliction of emotional distress, defamation, and malicious prosecution, and deny the Motion as it relates to the remaining SCTCA claims for negligence, assault, battery, and false imprisonment.  (ECF No. 48 at 33–34.)

B.      The Court's Review

   *1.     Duecker's Objections*

First, Duecker objects to "the portion of the Report characterizing the affidavit of William K. Gossette as bogus and a sham." (ECF No. 49 at 1.) "Sham affidavits" refer to affidavits submitted in opposition to summary judgment for the purpose of creating disputes of material fact and typically involve a party submitting an affidavit contradicting prior testimony. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 422 (4th Cir. 2014); *Barwick v. Celotext Corp.*, 736 946, 960 (4th Cir. 1984). Duecker asserts that there cannot be any inconsistencies between two sworn statements from Mr. Gossette because the affidavit is the only sworn statement from him in the record. (*Id.*) Second, Duecker objects to the Report's "reliance" on Duecker's lack of reference to seeking or receiving permission to enter the residence in his sworn statement, incident report, or deposition. (ECF No. 49 at 2.) Duecker argues that consent "was understood to exist by those involved, specifically including this Defendant, William K. Gossette, and Investigator Isenhoward." (*Id.*) Stated differently, Duecker continues, "notwithstanding Plaintiff's bald allegations that consent was not present, the only evidence or testimony in the record is that consent, in fact, existed for Duecker to enter the residence. Gossette, who has resided in the home at 50 Periwinkle Court for approximately 35 years, gave Duecker valid consent to enter." (*Id.*)

As the Magistrate Judge explains in her analysis, Duecker testified during his deposition that he did not have consent to enter the residence. (ECF No. 38-1 at 32:19–33:1 ("Q: . . . did Mrs. Webb or any other person in the home give you consent to come into the house? A: Not that I recall").) Further, the body camera evidence does not depict Duecker requesting or receiving consent to enter the residence. (*See* Webb Body Camera Footage, ECF No. 34-2.) Based upon the evidence in the record, the court finds that there is a genuine issue of material fact as to whether

5

Duecker had consent to enter the residence regardless of whether Mr. Gossette's affidavit is legitimate.  As such, Duecker has failed to meet his burden of showing there is no genuine issue of material fact on this issue and summary judgment is not appropriate.  *See Celotex Corp. v. Catrett*, 477 U.S. at 322–23.

Duecker's third and fourth objections merely object to the Magistrate Judge's recommendation generally and to any inferences that could be drawn therefrom.  (*See* ECF No. at 2 (objecting to "the Magistrate's Report['s] denial of summary judgment as to the Plaintiff's excessive force claim" and "any and all inferences that may be drawn from the Magistrate's Report supporting the contention that Duecker lacked probable cause at the time of the Plaintiff's arrest").)  These are not specific objections, so the court reviews the remaining portions of the Report relating to Duecker's Motion for Summary Judgment for clear error.  Finding no clear error in the Magistrate Judge's analysis, the court accepts the recommendation and denies Duecker's Motion for Summary Judgment (ECF No. 34).

2.      *Sheriff Lott's Objections*

First, Sheriff Lott objects to the Magistrate Judge's finding that a reasonable juror could conclude that Duecker did not act with actual malice or intent to harm.  (ECF No. 50 at 1.)  Sheriff Lott asserts that a plain viewing of the body camera footage of the relevant event "will clearly establish that Duecker's actions constituted an intent to harm as well as actual malice."  (*Id.* at 2.)  As such, Sheriff Lott asserts he is entitled to absolute sovereign immunity for any alleged loss resulting from Duecker's egregious conduct per South Carolina Code § 15-78-60(17).  (*Id.*)  Sheriff Lott first objects to the Magistrate Judge's finding that "although the body camera evidence shows the actions Duecker took, it does not provide undisputed evidence as to whether Duecker took those actions with actual malice or intent to harm." (ECF No. 48 at 31.)  Sheriff Lott argues

6

that the body camera footage "clearly captures the relevant events." (ECF No. 50 at 1.) Upon review of the body camera footage, the court agrees that it captures the relevant events but finds that the intent behind Duecker's conduct is subject to more than one interpretation. As the Magistrate Judge explained, a reasonable juror could conclude that Duecker did not with actual malice or intent to harm, particularly based on Duecker's testimony that he believed his conduct constituted a lawful arrest and that he attempted techniques to calm Plaintiff down prior to tasing her. (ECF No. 48 at 31–32 (citing ECF Nos. 38-1 at 36:22–37:3, 48:10–22, 54:13–18).) Because the footage does not provide undisputed evidence of Duecker's intent, a genuine issue of material facts exists on this issue for submission to the jury.

Second, Sheriff Lott contends that the Magistrate Judge erred in recommending the denial of his Motion for Summary Judgment as to Plaintiff's negligent supervision claim. (*Id.* at 4.) Sheriff Lott asserts that in order to prove negligent supervision, Plaintiff must prove Duecker had an intent to harm, but that proving such intent would protect Sheriff Lott from liability under the SCTCA. (*Id.* at 4.) The court is not persuaded that intent to harm is required for a negligent supervision claim under South Carolina law. South Carolina cases discussing the elements of a negligent supervision claim cite to section 317 of the Restatement (Second) of Torts (1965). *See*, *e.g.*, *James v. Kelly Trucking Co.*, 661 S.E.2d 329, 330–31 (S.C. 2008); *Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (S.C. 1992); *Kase v. Ebert*, 707 S.E.2d 456, 459–60 (S.C. Ct. App. 2011). The Restatement provides that "[a] master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others *or from so conducting himself as to create an unreasonable risk of bodily harm* to them." RESTATEMENT (SECOND) OF TORTS § 317 (emphasis added). An argument

similar to Sheriff Lott's was raised in *Holcombe v. Helena Chemical Co.*, wherein the court explained:

> To be sure, *Degenhart* and several subsequent South Carolina appellate decisions mention intentional harm in their formulations of negligent supervision. *See*, *e.g.*, *Doe v. Bishop of Charleston*, 407 S.C. 128, 754 S.E.2d 494, 500 (2014); *Kase*, 707 S.E.2d at 459. However, when the state Supreme Court revisited the concept of supervisory liability in *James v. Kelly Trucking Co.*, it cited *Degenhart* and yet left intentional harm out of the discussion . . .

238 F. Supp. 3d 767, 771 (D.S.C. 2017).  The court went on to find that South Carolina law "appears to require proof of intentional harm only where the employee caused harm while acting outside the scope of his employment." *Id.* at 772.  Based upon the foregoing, the court is not persuaded that intent to harm is a required element of a negligent supervision claim and finds that summary judgment is not appropriate on this issue.

Third, Sheriff Lott disagrees with the Magistrate Judge's finding that Plaintiff put forth sufficient evidence to allow a reasonable factfinder to conclude Duecker's misconduct was foreseeable to support a negligent retention claim. (*Id.* at 5–6.)  Sheriff Lott argues that the prior incident cited to by Plaintiff to establish foreseeability of Duecker's conduct is not sufficient evidence because in that situation "there was valid consent to enter the apartment, the detention was lawfully justified, and Gaskins was not passive at the time the Taser was deployed." (*Id.* at 6.)  Negligent retention cases generally turn on two elements: "knowledge of the employer and foreseeability of harm to third parties." *Doe v. ATC*, 624 S.E.2d 447, 450 (S.C. Ct. App. 2005) (citing *Di Cosala v. Kay*, 91 N.J. 159, 450 A.2d 508, 516 (1982)).  This analysis focuses on:

> the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused. Such factual considerations—especially questions related to proximate cause inherent in the

>   concept of foreseeability—will ordinarily be determined by the factfinder, and not as a matter of law.

*Id.* (citing *Hoke v. May Dep't Stores Co.*, 133 Or. App. 410, 891 P.2d 686, 691 (1995); *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 571 (Mo. Ct. App. 1983)).

The Magistrate Judge found that "Plaintiff has put forth sufficient evidence that would allow a reasonable factfinder to conclude the risk was foreseeable and RCSD's conduct to have fallen below the acceptable standard." (ECF No. 48 at 50 (citing *Doe v. ATC*, 624 S.E.2d at 450).) Although Plaintiff put forth evidence of two prior incidents involved Duecker's misconduct, Sheriff Lott argues that "the only 'sufficient evidence' which might have established foreseeability involves the May 13, 2018 Gaskins incident." (ECF No. 50 at 6.)  Upon review of the Gaskins body camera footage, the court finds the nature of Duecker's conduct and the ultimate harm caused in the Gaskins incident are sufficiently similar to the conduct and harm at issue to submit to a jury to determine foreseeability.  Specifically, a jury could reasonably find that in both situations Duecker effectuated unlawful arrests without proper justification and exerted excessive force when effectuating such arrests.  In the Webb footage, Duecker entered the residence and stated he was arresting Plaintiff for filing a false police report,[1] although Plaintiff initially denied making the call to police regarding her mother's car being stolen. (*See* Webb Body Camera Footage, ECF No. 34-2 at 19:28:13, 19:31:02–19:31:29.)  Similarly, in the Gaskins footage, Duecker stated he was arresting Gaskins for public disorderly conduct even though Gaskins was not in public and had not exhibited disorderly conduct in front of Duecker. (Gaskins Body Camera Footage, ECF No. 38-9 at 13:37:21.)  Additionally, a jury could reasonably find that Duecker used excessive force to effectuate these arrests by employing his taser unnecessarily in both instances.  As such, the court

---

[1] Duecker later changed the charge to breach of peace and assault on a police officer while resisting arrest.  (*See* ECF No. 35-1 at 2.)

9

finds there is sufficient evidence to create a genuine issue of material fact as to the foreseeability of Duecker's conduct.

Fourth, Sheriff Lott objects to the Magistrate Judge's recommendation that the court deny summary judgment as to Plaintiff's negligence claim. (ECF No. 50 at 10.) First, Sheriff Lott contends that "the formal arrest of a subject commences the criminal and judicial proceedings with respect to the arrestee," and, therefore, "a claim for negligent arrest or investigation is barred by operation of sovereign immunity under S.C. Code Ann. § 15-78-60(23)." (*Id.* at 10.) The court disagrees. South Carolina Code § 15-78-60(23) provides that a governmental entity is not liable for a loss resulting from the "institution or prosecution of any judicial or administrative proceeding." Plaintiff's claims for gross negligence and recklessness relate to the actions taken by Duecker in effecting her arrest, not the institution or prosecution of proceedings against her. (*See* ECF No. 1-2 at 6.)

Sheriff Lott further argues that Plaintiff's negligence allegations are essentially a recounting of her intentional tort allegations, that "intentional torts cannot be committed in a negligent manner," and that "no duty was owed to Plaintiff." (ECF No. 50 at 10–12.) These final objections merely rehash the contentions raised in Sheriff Lott's Motion for Summary Judgment (*see* ECF No. 35-1 at 11–12), which the Magistrate Judge properly considered and addressed.

The court reviews the remaining portions of the Report for clear error. *See Diamond*, 416 F.3d at 315. The court observes no clear error on the face of the record and accepts the Magistrate Judge's recommendations.

## V.     CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 48), **DENIES** Duecker's Motion for Summary Judgment (ECF No.

34), and **GRANTS** in part and **DENIES** in part Sheriff Lott's Motion for Summary Judgment (ECF No. 35).

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 3, 2021
Columbia, South Carolina