# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Sheila Webb, ) | Civil Action No.: 3:19-cv-02031-JMC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Leon Lott, in his capacity as Sheriff of the ) | |
| Richland County Sheriff's Department, ) | |
| and Cameron Duecker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court pursuant to Sheriff Leon Lott's ("Sheriff Lott") Motion to Bifurcate or to Sever and Remand. (ECF No. 60.) Sheila Webb ("Plaintiff") originally filed this matter in the Court of Common Pleas for Richland County, South Carolina, asserting claims against Sheriff Lott, in his official capacity as Sheriff of the Richland County Sheriff's Department ("RCSD"), and Cameron Duecker ("Duecker"), pursuant to the South Carolina Tort Claims Act (South Carolina Code § 15-78-10 *et seq.*) (West 2022) ("SCTCA") and 42 U.S.C. § 1983. (ECF No. 1-2.) For the reasons set forth below, the court **DENIES** Sheriff Lott's Motion to Bifurcate or to Sever and Remand. (ECF No. 60.)

## I.  RELEVANT BACKGROUND

Plaintiff's claims arise out of her arrest by Defendant Duecker on February 1, 2019, and her subsequent confinement. (ECF No. 12 at 3–4 ¶¶ 17–27.) On the day of the arrest, Duecker, acting in his capacity as a deputy with RCSD, responded to a complaint made by Plaintiff, a 58-year-old female, that her brother, William Gossette, had unlawfully used their incapacitated mother's vehicle. (ECF No. 12 at 3 ¶ 17.) While he was responding to the call, Duecker decided to arrest Plaintiff for disorderly conduct and assault while resisting arrest. (*Id.* at 3 ¶ 18.) In

1

effecting the arrest, Duecker used his tazer on Plaintiff and, as a result, Duecker was subsequently charged with assault and battery.  (*Id.* at 3 ¶ 19, 4 ¶ 22.)  The charges against Plaintiff were ultimately dropped.  (*Id.* at 4 ¶ 25.)

On June 17, 2019, Plaintiff filed this action in state court.  (*See* ECF No. 1-2 at 1.)  On July 19, 2019, Sheriff Lott removed the action to federal court.  (ECF No. 1.)  Plaintiff's Amended Complaint asserts Fourth and Fourteenth Amendment claims for unreasonable seizure and excessive force, and state law claims sounding in negligent hiring, negligence, false imprisonment, intentional infliction of emotional distress, defamation, assault, battery, and malicious prosecution.  (ECF No. 12 at 5–9 ¶¶ 28–79.)

On October 7, 2020, Sheriff Lott and Duecker filed separate motions for summary judgment.  (ECF Nos. 34; 35.)  On December 16, 2020, the United States Magistrate Judge issued a Report and Recommendation (ECF No. 48) in which she recommended the court deny Duecker's Motion for Summary Judgment (ECF No. 34) and grant Sheriff Lott's Motion for Summary Judgment (ECF No. 35) in part and deny it in part.  (ECF No. 48 at 2.)  On September 3, 2021, the court issued an Order (ECF No. 54) accepting the Magistrate Judge's Report and Recommendation (ECF No. 48), denying Duecker's Motion for Summary Judgment (ECF No. 34), and granting in part and denying in part Sheriff Lott's Motion for Summary Judgment (ECF No. 35).

On January 13, 2022, Sheriff Lott filed the instant motion, asking the court to issue an order pursuant to Federal Rule of Civil Procedure 42(b) providing for separate trials on the federal and state law claims.  (ECF No. 60 at 1.)  In the alternative, Sheriff Lott requests an order pursuant to Federal Rule of Civil Procedure 21 or 28 U.S.C. § 1367(c) severing the state law claims from this action and remanding those claims to state court for resolution.  (*Id.*)  Sheriff Lott argues that separate trials are appropriate "due to the potential prejudice to the parties if the claims are tried

together, the risk of jury confusion, and judicial economy." (*Id.*) On January 20, 2022, the court conducted a hearing via telephone on Sheriff Lott's Motion. After the hearing Duecker filed a Response in Support of Sheriff Lott's Motion to Bifurcate (ECF No. 64) and Plaintiff filed a Response in Opposition (ECF No. 65). Sheriff Lott submitted a Reply to Plaintiff's Response (ECF No. 66).

## II.     JURISDICTION

The court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims against Defendant Duecker under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The court has supplemental jurisdiction over Plaintiff's state law claims because they form part of the same case or controversy as the claims in the action within the court's original jurisdiction. 28 U.S.C. § 1367(a).

## III.     DISCUSSION

A.     Plaintiff's Claims

The court first considers the specific facts before it and the particular claims asserted against each Defendant to determine how they impact the present motion. *See Dawson v. Prince George's Cnty.*, 896 F. Supp. 537, 540 (D. Md. 1995). After the court's summary judgment ruling, the remaining claims are Plaintiff's state tort claims against Sheriff Lott for negligence; negligent hiring, retention, and supervision ("negligent hiring claim"); assault; battery; and false imprisonment; and Plaintiff's § 1983 claims against Duecker for unreasonable seizure and excessive force. Accordingly, Defendant Lott's request to bifurcate the state law claims from the federal claims essentially requests that the court grant separate trials for the defendants. In his

3

Response in Support of Sheriff Lott's Motion to Bifurcate, Duecker appears to agree that the negligent hiring claim against Sheriff Lott should be separated, but does not provide a position on bifurcation of the other state law claims against Sheriff Lott.  (*See* ECF No. 60 at 1.)

Plaintiff's claims against Duecker are brought pursuant to § 1983, which operates as a vehicle for imposing liability against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Specifically, Plaintiff alleges Duecker violated her Fourth Amendment right to be free from unreasonable seizures and excessive force.  In examining the unreasonable seizure claim, the jury will consider whether Duecker had probable cause to believe Plaintiff committed an offense based on the totality of the circumstances at the time of the seizure.  *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The Fourth Amendment is not violated by an arrest based on probable cause.").  In analyzing the excessive force claim, the jury will contemplate whether Duecker had probable cause to arrest Plaintiff in the absence of a warrant, the severity of the crime at issue, whether Plaintiff posed an immediate threat to Duecker's safety, and whether she was actively resisting or fleeing arrest.  *See Graham*, 490 U.S. at 396.  Plaintiff's evidence in support of these claims is likely to include Duecker's body camera footage from the day of Plaintiff's arrest, Duecker's warrant for assault and battery, and testimony from Duecker, RCSD Lieutenant Isenhoward, RCSD Corporal Fairbanks, Sheriff Lott, Plaintiff, and William Gossett.  (*See* ECF No. 65 at 12.)

Plaintiff's remaining claims against Sheriff Lott sound in state tort law.  To prove her assault claim against Sheriff Lott, Plaintiff must show "(1) conduct of the defendant which places the plaintiff, (2) in reasonable fear of bodily harm."  *Gregg v. Ham*, 678 F.3d 333, 342 (4th Cir. 2012) (quoting *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008)).  Plaintiff's battery

4

claim against Sheriff Lott requires a showing of "actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree[.]" *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 854 (D.S.C. 2015) (citing *Gathers v. Harris Teeter Supermarket, Inc.*, 317 S.E.2d 748, 754 (S.C. Ct. App. 1984)). To state a claim for false imprisonment against Sheriff Lott, Plaintiff must show "(1) the defendant restrained [her] and the restraint was (2) intentional and (3) unlawful." *Id.* at 855 (citing *Argoe v. Three Rivers Behav. Health, L.L.C.*, 710 S.E.2d 67, 73 (S.C. 2011)). For her negligence claim, Plaintiff must establish that the "(1) defendant owes a duty of care to the plaintiff, (2) defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages." *Steinke v. S.C. Dep't of Lab., Licensing & Regul.*, 520 S.E.2d 142, 149 (S.C. 1999) (citing *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78 (S.C. 1998)).

Notably, Plaintiff is likely to introduce the same evidence to support her claims against Duecker that she presents to establish her assault, battery, negligence, and false imprisonment claims against Sheriff Lott. Namely, Plaintiff intends to present Duecker's body camera footage from the day of Plaintiff's arrest, Duecker's warrant for assault and battery, and testimony from Duecker, RCSD Lieutenant Isenhoward, RCSD Corporal Fairbanks, Sheriff Lott, Plaintiff, and William Gossett. (*See* ECF No. 65 at 12.) Conversely, to prove her claim for negligent hiring, retention, and supervision against Sheriff Lott, Plaintiff must show that Sheriff Lott "knew or should have known" facts about Duecker that would suggest employing and retaining him would pose an "unreasonable risk of harm." *Anderson v. United States*, No. 8:12-cv-3203-TMC-KDW, 2015 WL 9918406, at *13 (D.S.C. Oct. 9, 2015), *report and recommendation adopted*, No. 8:12-cv-3203-TMC, 2016 WL 320076 (D.S.C. Jan. 27, 2016). As such, Plaintiff's evidence in support

of this claim will likely encompass a wider temporal scope and include evidence related to Duecker's employment history and prior bad conduct.

B.     Bifurcation

Under the Federal Rules of Civil Procedure, a court may order separate trials of any claims or issues for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). District courts have broad discretion in deciding whether to bifurcate claims for trial. *See Sentry Select Ins. v. Guess Farm Equip., Inc.*, No. 5:12-03504-JMC, 2013 WL 5797742, at *4 (D.S.C. Oct. 25, 2013) (citing *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993); *White v. Bloomberg*, 501 F.2d 1379 (4th Cir. 1974)). Whether bifurcation should be ordered is to be determined based on the facts and circumstances of each case. "The party seeking bifurcation has the burden of proving that bifurcation will satisfy the expressed objectives of the rule, including furtherance of convenience, avoidance of prejudice, or enhancement of expedition and economy." *Companion Prop. & Cas. Co. v. U.S. Bank Nat'l Assoc.*, No. 3:15-cv-01300-JMC, 2017 WL 3613874, at *4 (D.S.C. Aug. 23, 2017) (citations omitted). Although a decision on a motion for separate trials generally turns on whether bifurcation would satisfy the expressed objectives of Rule 42(b), the United States Court of Appeals for the Fourth Circuit has held that a court abuses its discretion when its decision, even if otherwise serving those objectives, results in inevitable prejudice to a party, such that the party cannot receive a fair trial on a claim. *See Dixon*, 990 F.2d at 1445 (citing *Arnold v. E. Air Lines, Inc.*, 712 F.2d 899, 906 (4th Cir. 1983)).

Initially, the court concludes bifurcation would not promote convenience or judicial economy in this case. Sheriff Lott suggests Plaintiff's state law claims against him should be bifurcated from her federal claims against Duecker. However, as the court discussed above, the evidence relevant to the negligence, assault, battery, and false imprisonment claims against Sheriff

6

Lott is identical to the evidence Plaintiff will likely present to prove her unreasonable seizure and excessive force claims against Duecker.  Each of these claims turn on the circumstances that occurred on the day of Plaintiff's arrest.  Only Plaintiff's negligent hiring claim requires evidence outside of this time period.  Accordingly, were the court to separate the claims by defendant, as Sheriff Lott suggests, Plaintiff would be required to present the same evidence and call the same witnesses to testify for both trials, causing inconvenience to both Plaintiff and the witnesses and unnecessarily using judicial resources.

Significantly, due to the alignment of the evidence for Plaintiff's § 1983 claims against Duecker and her negligence, false imprisonment, assault, and battery claims against Sheriff Lott, the court observes that bifurcating only the negligent hiring claim would be more efficient for both Plaintiff and the court than bifurcating all the state law claims.  In fact, Plaintiff notes in her Response in Opposition to Sheriff Lott's Motion that bifurcation of Plaintiff's claims "for negligent retention and/or supervision, only, from all other 42 U.S.C. 1983 and South Carolina Tort Claims Act claims may be within the court's discretion." (ECF No. 65 at 1.)  Conversely, bifurcation of only the negligent hiring claim would clearly be less convenient for Sheriff Lott than his suggested method of bifurcation because he would have to defend himself in two (2) separate proceedings.  Again, any method of bifurcation would be less convenient for Plaintiff than trying all the claims together in one proceeding.  In sum, bifurcation would not serve the interests of convenience or judicial economy based on the evidence expected to be presented at trial for Plaintiff's claims.

Next, the court considers the potential prejudice the parties may endure from trying all Plaintiff's claims together.  Unlike the evidence relevant to her other claims, Plaintiff is likely to present evidence of Duecker's prior bad acts to support her negligence hiring claim.  While such

7

evidence is certainly relevant to Plaintiff's negligent hiring claim against Sheriff Lott, the probative value of such evidence may be outweighed by the unfair prejudice it could cause Duecker. Indeed, both Duecker and Sheriff Lott argue that Duecker would be unfairly prejudiced by such evidence and that the evidence would otherwise be inadmissible. (*See* ECF Nos. 60 at 5–6; 64 at 1.) However, contrary to Defendants' assertions, the court cannot assume such evidence would be automatically inadmissible against Duecker. Federal Rule of Evidence 404(b) provides that, although evidence of other crimes, wrongs, or acts is not admissible to prove character, such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The admissibility of prior conduct evidence is properly analyzed in ruling on a motion in limine prior to trial, in which Plaintiff's counsel can request a ruling under Rule 404(b) as to admissibility of particular "bad acts" and to which Defendants' counsel can reply. Furthermore, to the extent Defendants have demonstrated concerns of potentially unfair prejudice that may stem from jointly trying Plaintiff's claims, the court can address those concerns by considering any evidentiary motions made by the parties, as well as by giving appropriate jury instructions, which "juries are presumed capable of following." *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

Next, Sheriff Lott avers that Plaintiff's request for punitive damages will cause significant jury confusion because Plaintiff will be arguing that Duecker's actions "were unlawful and motivated by evil intent (so as to warrant punitive damages for the Fourth Amendment claim), but not so evil as to amount to malice or intent to harm (so as to entitle the Sheriff to immunity under the Tort Claims Act)." (ECF No. 60 at 6–7.) Sheriff Lott misstates the standard. To receive an

award of punitive damages under South Carolina law,[1] Plaintiff must show that Duecker's misconduct was "willful, wanton, or in reckless disregard of the plaintiff's rights." *Taylor v. Medenica*, 479 S.E.2d 35, 46 (S.C. 1996). Under the SCTCA, a "governmental entity is not liable for the loss resulting from . . . employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-60(17) (West 2022). Accordingly, the jury could award Plaintiff punitive damages upon finding that Duecker's conduct recklessly disregarded Plaintiff's rights, but that such conduct was not committed with actual malice or intent to harm. Again, any jury confusion on these standards can be remedied by clear jury instructions at trial to ensure a fair trial.

Finally, while Sheriff Lott is correct that courts have permitted bifurcation in the *Monell* context, the same rationale does not apply here. In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court explained that a municipality is subject to suit under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated the plaintiff's rights. "It is axiomatic that a *Monell* claim cannot lie 'where there is no underlying constitutional violation by the employee.'" *Tserkis v. Balt. Cnty.*, No. ELH-19-202, 2019 WL 4932596, at *4 (D. Md. Oct. 4, 2019) (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4th Cir. 2001)). Accordingly, in cases involving *Monell* claims, resolution of the claims against individual defendants may obviate the need to litigate *Monell* claims against municipal defendants. The present case does not involve a *Monell* claim, however, and the jury could find Sheriff Lott liable for negligence, assault, battery, and false imprisonment even if it finds that Duecker did not

---

[1] "When there is no constitutional challenge to a jury's award of punitive damages, a federal district court reviews such an award by applying the state's substantive law of punitive damages." *Gregg*, 678 F.3d at 343 (quoting *King v. McMillan*, 594 F.3d 301, 312–13 (4th Cir. 2010)).

violate Plaintiff's constitutional rights. Further, an "employer's liability for a negligent supervision claim is direct, not derivative." *Doe-4 v. Horry Cnty., S.C.*, No. 4:16-CV-03136-AMQ, 2018 WL 3227277, at *4 (D.S.C. July 2, 2018) (citing *Doe v. Bishop of Charleston*, 754 S.E.2d 494, 500 (S.C. Ct. App. 1994)). Therefore, the rationale supporting bifurcation in cases involving *Monell* claims is inapplicable to the present matter.

On review of the facts and circumstances of this case, the court finds that Sheriff Lott has not met his burden of proving that bifurcation will satisfy the expressed objectives of Federal Rule of Civil Procedure 42(b).

C.     Severance & Remand

As an alternative to bifurcation, Sheriff Lott asks the court to exercise its discretion to sever the state law claims from this action and remand those claims to state court for resolution under Federal Rule of Civil Procedure 21 or 28 U.S.C. § 1367(c). Rule 21 allows a court to "sever any claim against a party." Fed. R. Civ. P. 21. The court has "virtually unfettered discretion" in determining whether or not severance is appropriate under Rule 21. *Grayson Consulting, Inc. v. Cathcart*, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (citing *17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005)). In deciding whether severance is proper, courts consider:

> (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed.

*Battle v. S.C. Dep't of Corr.*, No. 2:18-CV-719-TMC, 2019 WL 926415, at *8 (D.S.C. Feb. 26, 2019) (citing *Grayson*, 2014 WL 1512029, *2; *Equal Rts. Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007)). The court concludes these factors weigh against severance in this

case. The factual and legal questions overlap and require presentation of almost identical witnesses and documentary proof. In addition to the inconvenience of presenting duplicative evidence and arguments, Plaintiff would be prejudiced by severance and remand of the state law claims because she would have to simultaneously litigate cases in both state and federal court. Although Sheriff Lott and Duecker contend they will suffer prejudice if the claims are tried together, the court finds that the concerns put forth by Defendants can be addressed through rulings on motions in limine, clear jury instructions, and a carefully crafted verdict form.

Section 1367(c) authorizes a district court to decline to exercise jurisdiction over a claim where (1) the claim raises novel or complex issues of state law; (2) the claim substantially predominates over claim(s) over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The court finds that Plaintiff's state law claims do not present novel questions of state law or predominate over the § 1983 claims, nor do there appear to be any exceptional circumstances supporting Sheriff Lott's request for the court to decline jurisdiction. Accordingly, the court finds the § 1367(c) factors also weigh against severance in this case.

## IV.     CONCLUSION

For the reasons set forth above, the court **DENIES** Sheriff Lott's Motion to Bifurcate or to Sever and Remand. (ECF No. 60.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 2, 2022
Columbia, South Carolina